# EXHIBIT A

Summons and Complaint

STATE OF MINNESOTA                                          IN DISTRICT COURT

COUNTY OF OLMSTED                                           THIRD JUDICIAL DISTRICT
                                                            Case Type:  Other Civil

---

Emily Thomspon,

    Plaintiff,

                                   **SUMMONS**

vs                                                          (Jury Trial Demanded)

The Waters Senior Living Management, LLC,

    Defendant.

---

**THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT:**

    1.  **YOU ARE BEING SUED**.  The Plaintiff has started a lawsuit against you.  The Plaintiff's Complaint against you is attached to this Summons.  Do not throw these papers away.  They are official papers that affect your rights.  You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

    2.  **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**.  You must give or mail to the person who signed this Summons **a written response** called an Answer within 20 days of the date on which you received this Summons.  You must send a copy of your Answer to the person who signed this Summons located at Klampe, Delehanty, Pasternak & Niesen, LLC, 975 – 34th Avenue NW, Suite 400, Rochester, MN 55901.

    3.  **YOU MUST RESPOND TO EACH CLAIM**.  The Answer is your written response to the Plaintiff's Complaint.  In your Answer you must state whether you agree or disagree with each paragraph of the Complaint.  If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    4.  **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS**.  If you do not Answer within 20 days, you will lose this case.  You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint.  If you do not want to contest the claims stated in the Complaint, you do not need to respond.  A Default Judgment can then be entered against you for the relief requested in the Complaint.

    5.  **LEGAL ASSISTANCE**.  You may wish to get legal help from a lawyer.  If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance.  Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

    6.  **ALTERNATIVE DISPUTE RESOLUTION**.  The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice.  You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: 11/11/2020

KLAMPE, DELEHANTY, PASTERNAK &
NIESEN, LLC

By: _____
Andrea B. Niesen (#343493)
Attorney for Plaintiff
975 34th Avenue NW, Suite 400
Rochester, MN 55901
(507) 288-2447
andrea@klampelawfirm.com

| | |
|---|---|
| STATE OF MINNESOTA | IN DISTRICT COURT |
| COUNTY OF OLMSTED | THIRD JUDICIAL DISTRICT<br>Case Type: Other Civil |

Emily Thompson,

    Plaintiff,

vs

**COMPLAINT**
(Jury Trial Demanded)

The Waters Senior Living Management, LLC,

    Defendant.

---

PLAINTIFF through her attorneys, Klampe, Delehanty, Pasternak & Niesen, LLC, for her cause of action against Defendant states and alleges as follows:

I.

Plaintiff, Emily Thompson, is a Minnesota resident of Olmsted County, Minnesota.

II.

Defendant, The Waters Senior Living Management, LLC, is a limited liability corporation with its principal executive office registered office located in Minnetonka, Minnesota.

III.

Plaintiff was in the employment of the Defendant from November 2016 to February 15, 2019. Plaintiff was a full-time employee of Defendant. Plaintiff worked for Defendant at The Waters on Mayowood, in Rochester, Minnesota.

IV.

On or about November 19, 2018, Plaintiff requested accommodations of consistent work hours, a quiet work-station, no overtime, no rotating shifts and no night shifts. Plaintiff is an individual with a disability. Plaintiff requested accommodations, which were at the direction of her medical provider. Defendant initially informed Plaintiff that her request for accommodations had been approved, but shortly thereafter, Defendant began requiring that Plaintiff perform work in violation of the previously approved accommodations.

V.

On November 28, 2018, Plaintiff requested intermittent family medical leave. Defendant approved that intermittent family medical leave on December 10, 2018. On December 25, 2018, Plaintiff commenced a continuous leave, which was scheduled to end on March 7, 2019. The purpose of the leave was for Plaintiff to attend an intensive mental health treatment program.

VI.

On February 5, 2019, Plaintiff notified Defendant that she would like to set up a call to discuss a plan to return to work on March 7, 2019, concurrent with the end of her treatment program. Immediately upon receipt of the return to work notice, Defendant issued Plaintiff corrective action, and then terminated her employment on February 15, 2019.

VII.

During the meeting on February 15, 2019, Defendant informed Plaintiff that it perceived Plaintiff's disability would prohibit her from performing her job. During said phone call Defendant informed Plaintiff that the termination of employment was in her best interest due to her disability.

**COUNT ONE-Family Medical Leave Act, 29 U.S.C. § 2601, et. seq.**

Plaintiff reasserts and realleges each and every allegation, matter, and thing as elsewhere stated in this Complaint with the same force and effect as if set forth at length and detail herein, and further states and alleges as follows:

VIII.

Defendant was a covered employer within the definitions and purposes the Family Medical Leave Act, 29 U.S.C. § 2601, et. seq. ("FMLA").

IX.

Plaintiff was an eligible employee as within the definitions and purposes of the FMLA.

X.

Defendant failed to return Plaintiff to her same position, or an equivalent position with equivalent pay, benefits, and working conditions at the conclusion of the leave. Therefore, Defendant interfered with, restrained, and/or denied the Plaintiff's rights to exercise her rights under 29 U.S.C. § 2601, et. seq.

XI.

Defendant discriminated and/or retaliated against and discharged Plaintiff for taking leave protected by the FMLA. Therefore, Defendant interfered with, restrained, and/or denied the Plaintiff's rights to exercise her rights under 29 U.S.C. § 2601, et. seq.

XII.

Plaintiff is entitled to recover her general and special damages, including, but not limited to, back pay and back benefits, front pay and front benefits, other compensatory damages; liquidated damages; reasonable attorney fees and costs/disbursements; prejudgment and post judgment interest; equitable and injunctive relief; and other and further relief, equitable or otherwise, as the Court may deem proper.

### COUNT TWO - Disability Discrimination under Minnesota Human Rights Act, Minnesota Statutes Chapter 363A

Plaintiff reasserts and realleges each and every allegation, matter, and thing as elsewhere stated in this Complaint with the same force and effect as if set forth at length and detail herein, and further states and alleges as follows:

XIII.

Plaintiff is an individual with a disability. Defendant denied Plaintiff's reasonable request for accommodations. Defendant will be unable to demonstrate that the accommodations would have imposed an undue hardship on Defendant.

XIV.

Plaintiff belongs to a protected class. Plaintiff was qualified for the position from which she was discharged. After Plaintiff's discharge, her job duties were assumed by a non-member of the protected class. Defendant will be unable to articulate, any legitimate, nondiscriminatory reason for Plaintiff's discharge.

XV.

Plaintiff is entitled to recover her general and special damages, including, but not limited to, back pay and back benefits, front pay and front benefits, emotional distress damages, and other compensatory damages; liquidated damages; reasonable attorney fees and costs/disbursements; prejudgment and post judgment interest; equitable and injunctive relief; and other and further relief, equitable or otherwise, as the Court may deem proper.

### COUNT THREE – Disability Discrimination under 42 U.S. Code § 12101 et. seq.

Plaintiff reasserts and realleges each and every allegation, matter, and thing as elsewhere stated in this Complaint with the same force and effect as if set forth at length and detail herein, and further states and alleges as follows:

XVI.

Plaintiff is an individual with a disability. Defendant denied Plaintiff's reasonable request for accommodations. Defendant will be unable to demonstrate that the accommodations would have imposed an undue hardship on Defendant.

XVII.

Plaintiff belongs to a protected class. Plaintiff was qualified for the position from which she was discharged. After Plaintiff's discharge, her job duties were assumed by a non-member of the protected class. Defendant will be unable to articulate, any legitimate, nondiscriminatory reason for Plaintiff's discharge.

XVIII.

Plaintiff is entitled to recover her general and special damages, including, but not limited to, back pay and back benefits, front pay and front benefits, emotional distress damages, and other compensatory damages; reasonable attorney fees and costs/disbursements; prejudgment and post judgment interest; equitable and injunctive relief; and other and further relief, equitable or otherwise, as the Court may deem proper.

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

a. For her general and special damages, including, but not limited to, back pay and back benefits, front pay and front benefits, emotional distress damages, and other compensatory damages, in an amount not less than $50,000;

b. Liquidated damages;

c. For her reasonable attorney fees and costs/disbursements;

d. For prejudgment and post judgment interest;

e. For equitable and injunctive relief; and

f. For such other and further relief, equitable or otherwise, as the Court may deem proper.

Dated: 11/11/2020           KLAMPE, DELEHANTY, PASTERNAK & NIESEN, LLC

By: _____
Andrea B. Niesen (#343493)
Attorney for Plaintiff
975 34th Avenue NW, Suite 400
Rochester, MN  55901
(507) 288-2447
andrea@klampelawfirm.com

## ACKNOWLEDGMENT REQUIRED BY MINN. STAT. 549.211

IT IS HEREBY ACKNOWLEDGED that the allegations of this Complaint are well-grounded in fact and are warranted by existing law or good faith argument for its extension, modification or reversal.  Plaintiff in this action, brings this Complaint in good faith and not for any improper purposes.  The Plaintiff acknowledges that the Court may award costs, disbursements, reasonable attorney fees and witness fees to Defendant pursuant to Minn. Stat. 549.211 and the Rules of Civil Procedure.

Dated: 11/11/2020           KLAMPE, DELEHANTY, PASTERNAK & NIESEN, LLC

By: _____
Andrea B. Niesen (#343493)
Attorney for Plaintiff
975 34th Avenue NW, Suite 400
Rochester, MN  55901
(507) 288-2447
andrea@klampelawfirm.com